Michael J. Kraynick, P.L.L.C.
Attorney at Law, ISB #3003
P.O. Box 157
113 E. Bullion Street
Hailey, ID 83333
208-788-4668
Fax-788-4143
Email: mkraynick@cox.net

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SRE-CHEAPTRIPS, INC. ) | Case No. _____ |
| ) | |
| Plaintiff, ) | **COMPLAINT & DEMAND FOR** |
| ) | **JURY TRIAL** |
| vs. ) | |
| ) | |
| STEPHEN J. SYLVAIN, an individual, and ) | |
| MARKETING UNLIMITED, LLC, ) | |
| ) | |
| Defendants. ) | |

COMES NOW Plaintiff SRE-CheapTrips, Inc., a Delaware corporation, by and through its attorney Michael J. Kraynick, of the firm Michael J. Kraynick, PLLC, and by way of Complaint against STEPHEN J. SYLVAIN, an individual, and MARKETING UNLIMITED, LLC, Defendants abovenamed, states the following facts and claims.

### JURISDICTION

1. The United States District Court has diversity jurisdiction over this action pursuant to 28 U.S.C. 1332 in that there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

Complaint
1

2. Plaintiff SRE-CheapTrips, Inc. ("SRE") is a Delaware corporation having its principal place of business in the City of Ketchum, County of Blaine, State of Idaho.

3. Defendant Stephen J. Sylvain d/b/a Marketing Unlimited ("Sylvain") is a citizen of the State of Maine.

4. Defendant Marketing Unlimited, LLC ("MU") is a Maine Limited Liability Corporation solely owned by Sylvain having its principal place of business in the State of Maine.

## COUNT I

### (Breach of Contract)

1. SRE operates a club providing its members with an array of travel related benefits. The bulk of SRE revenue is derived from outbound telemarketing campaigns designed to recruit new members and/or sell upgrades or upsells to existing members. These telemarketing campaigns are conducted primarily through independent, third party call centers under contract with SRE.

2. At all times material to this complaint Defendant Stephen J. Sylvain d/b/a Marketing Unlimited operated a call center in Augusta Maine. SRE and Sylvain entered into a written contract for outbound telemarketing services signed by the parties on or about April 27, 2004 ("MU contract".)

3. In pertinent part said contract obligated MU to provide "outbound telemarketing services to support the sale of membership upgrades/upsells to its current members and new member generation…"

4. *After* entering into the MU contract Sylvain incorporated all or part of his call center business under the name Marketing Unlimited, LLC. and opened a second call center in Brewer, Maine.

5. For his own business reasons, Sylvain divided calling operations under the MU contract so that Augusta was calling Cheaptrips members to sell upgrades ("house file") and Brewer was calling persons who signed up online expressing an interest in Cheaptrips products to sell the initial membership package ("coreg").

6. After several years of profitable operations at both call centers, Sylvain sought increases in compensation under the MU contract complaining that he was losing money dialing coreg leads at Brewer.

7. By its terms the MU contract originally provided it would remain in effect until terminated by either party on seven days written notice.

8. During the course of negotiations on increasing compensation and operational issues Sylvain agreed to give SRE thirty days written notice of termination.

9. Relying in part on Sylvain's commitment to give thirty days notice SRE agreed to increase MU compensation, on each occasion emphasizing the importance of maintaining a successful coreg campaign to recruit new members.

10. On top of the increase(s) in compensation SRE ultimately agreed to pay MU up to two thousand dollars a week to subsidize documented losses in exchange for MU's commitment to give thirty days written notice of termination, maintain current staffing at Brewer and continue to operate in the ordinary course of business.

11. SRE paid MU approximately sixty thousand dollars in subsidies reasonably relying on the above commitment.

12. In breach of the contract(s) and commitments described above, MU stopped processing orders and terminated operations *without notice* causing SRE incidental and consequential damages in excess of seventy five thousand dollars or an amount to be proven at trial.

## COUNT II

### (Fraudulent Billing)

13. SRE repeats and realleges each and every allegation of Count I with the same force and effect as if set forth in its entirety herein.

14. Under the MU contract SRE agreed to compensate MU for telemarketing services at a rate of eighteen dollars per hour on a "per hour per agent basis" with additional potential payments including a fifty dollar full staffing bonus.

15. Pursuant to said contract MU submitted weekly invoices to SRE over a period of years purporting to seek compensation on a per hour per agent basis.

16. SRE reasonably believed these invoices were accurate and was defrauded into paying MU hundreds of thousands of dollars according to the hours stated therein.

17. In fact the MU Invoices were inaccurate and were based on falsified and "plugged" numbers overstating labor costs, staffing and other facts.

18. MU knew the Invoices were false when submitted and submitted them with intent to defraud SRE.

19. MU intended that SRE would rely on the fraudulent invoices and in so relying SRE has incurred damages in excess of seventy five thousand dollars or an amount to be proven at trial.

## COUNT III

### (Unjust Enrichment)

20. SRE repeats and realleges each and every allegation of Count I and II with the same force and effect as if set forth in their entirety herein.

21. Defendants have been unjustly enriched by receiving payments by SRE upon the fraudulent invoices.

22. SRE has incurred damages in excess of seventy five thousand dollars or an amount to be proven at trial.

## COUNT IV

### (Injunctive Relief)

23. SRE repeats and realleges each and every allegation of the preceding Counts I, II and III with the same force and effect as if set forth in their entirety herein.

24. The MU contract expressly provided that certain confidential information including but not limited to: "the names of current, previous, or potential members, information provided to it by SRE, and any and all information regarding those names is the exclusive property of SRE." ("customer information")

25. MU acknowledged that this customer information constituted valuable trade secrets and agreed not to disclose the information to third parties or use it for any purpose other than performance of its obligations under the agreement.

26. MU further agreed that it would "immediately" return this customer information to SRE upon demand and that any unauthorized use of such information would cause "immediate irreparable harm to SRE."

27. SRE has demanded that MU return all confidential information including the customer information described above but MU has wrongfully failed and refused to return said confidential information.

28. Plaintiff's will suffer, and have in fact already suffered immediate and irreparable injury, loss and/or damage if Defendant is allowed to continue possess and use Plaintiff's confidential information including the customer information described above.

29. Plaintiff requests an order from the Court restraining, enjoining, and prohibiting the Defendants and each of them from continuing to possess and use Plaintiff's confidential information including the customer information described above; and

30. Ordering Defendants and each of them to return complete custody and control over all such information of Plaintiff to Plaintiff, in order to preserve Plaintiffs rights and avoid further losses.

## ATTORNEY FEES

31. That the Plaintiffs have been forced to retain the services of Michael J. Kraynick, Attorney at Law, to prosecute these claims in this action, and Plaintiffs are

entitled to reasonable attorney's fees and costs incurred herein and Defendants be ordered to pay Plaintiff's attorney's fees and costs and disbursements incurred herein;

### AMENDMENT

32. Finally, Plaintiff reserves the right to amend this Complaint should any additional claims become known following the completion of discovery and to move the court for leave to seek punitive damages.

WHEREFORE, Plaintiff prays for Judgment entering the following relief:

1. On Count One: for incidental and consequential damages, restitution, and such other monetary damages as may be proven at trial;

2. On Count Two: for compensatory, punitive, and such other monetary damages as may be proven at trial;

3. On Count Three: for compensatory, punitive, and such other monetary damages as may be proven at trial;

4. On Count Four: for injunctive relief requiring Defendants and each of them to return all SRE confidential information including the customer information and certify it has done so including a detailed description of the measures taken to assure no copies were made or retained with sufficient assurances that no disclosures or improper uses were made;

5. On all Counts: For attorneys fees and costs incurred in the prosecution of this action;

6. For such other and further relief, legal or equitable, as may be just under the circumstances.

DATED this 8th day of May, 2009.

                                                Michael J. Kraynick, PLLC
                                                Attorney for Plaintiff

                                                By: Michael J. Kraynick

## DEMAND FOR JURY TRIAL

Pursuant to FRCP Plaintiffs hereby demand a trial by jury of all issues so triable as of right and is wiling to stipulate to a six person jury.

## Certificate of Service

I hereby certify that on May 8, 2009 I filed the foregoing

**Complaint**

Electronically through the CM/ECF system which caused the following parties or counsel to be served by electronic means, as more fully appears in the Notice of Electronic Filing:

_____

_____

Attorneys for Defendants

By: Michael J. Kraynick
Attorney for Plaintiff