Daniel Loras Glynn/ISB #5113
TROUT JONES GLEDHILL FUHRMAN, P.A.
225 North 9th Street, Suite 820
P.O. Box 1097
Boise, Idaho  83701
Telephone:  208-331-1170
Facsimile:  208-331-1529
dglynn@idalaw.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SRE-CHEAPTRIPS, INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>STEPHEN J. SYLVAIN, an individual, and MARKETING UNLIMITED, LLC,<br><br>        Defendants. | Case No. 1:09-cv-00215-EJL<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER** |

      Defendants Stephen J. Sylvain, and Marketing Unlimited, LLC, submit this Memorandum in Support of Motion to Dismiss, or in the alternative, transfer. Defendants seek to have the present action dismissed pursuant to Federal Rule of Civil Procedure 12(b)(8) in view of the fact that there is presently an action between the same parties pending before the United States District Court of Maine.  Alternatively, Defendants have asked, in view of the already action pending in the state of Maine, that the present matter transferred to the Federal District Court for Maine.[1]  Defendants' request is appropriate in view of the fact that Plaintiff's filing in

---

[1] Defendants previously filed a Motion to Dismiss along with an accompanying Affidavit of Counsel,   The motion was premised upon the understanding of counsel that Plaintiff's Complaint had been filed in accordance with the date stamp atop the pleading.  Subsequently it was learned from that the date stamp relates to the time said complaint was faxed, not when it was actually filed by the District Court for the state of Idaho.  The actually filing time was at 5:58 a.m. MST.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER, Page 1

this Court was prior to the expiration of the standstill agreement existing between the parties. In contrast, the Defendants' action in Maine was properly commenced after the expiration of the standstill agreement.

Accordingly, the Plaintiff's filing should either be dismissed, as prematurely filed, or transferred to be consolidated with the action timely filed by the Defendants and now pending before the Federal District Court of Maine.

## BACKGROUND FACTS

Prior to the filing of the instant Complaint by the Plaintiff, SRE-Cheaptrips, Inc., the parties, through their counsel, engaged in protracted efforts to resolve the case. As part of these discussions, the parties agreed to a "standstill agreement" whereby each party agreed that they would not commence litigation. Under the original agreement between the parties, the standstill agreement was to expire on 8 a.m. EST on May 1, 2009. (See Affidavit of Counsel, paragraph 2, Exhibit "A"). The parties continued to negotiate and as a result, on April 30, 2009, the parties agreed to extend the standstill agreement between the parties until Friday, May 8, 2009 at 8 a.m. EST. (See Affidavit of Counsel, paragraph 2, Exhibit "B").[2]

Unfortunately, the matter did not resolve and each party initiated litigation against the other. However, the Plaintiff opted to file the instant Complaint with this Court prior to the expiration of the parties' agreement. The docket applicable to this matter reveals that that Plaintiff's pleading was filed with this Court at 5:58 MST (or 7:58 EST).[3] Unlike the Plaintiff's Complaint, the Defendants elected to wait until after the expiration of the standstill agreement and filed their complaint with the Superior Court for the State of Maine. (Affidavit of Roxanne Panek, paragraph 2, Exhibit "A"). The action in Maine was filed at 8:05 EST. (*Id.*)

Accordingly, Plaintiff's Complaint was filed prematurely and in violation of the parties' agreement to forestall the filing of any litigation until after 8 a.m. EST. As such, Plaintiff's

---

[2] The Affidavit of Counsel Opposing Defendant's Motion to Dismiss, attempts to assert a difference between EST and EDT as it relates to MST/MDT. However, the distinction is one without import. Regardless of whether measured as EST/MST or EDT/EST, the time differential is two hours. Plaintiff's filing at 5:58 MST/MDT does not equate to a filing at 8 a.m. EST.

[3] Plaintiff subsequently removed the matter to the Federal Court for the State of Maine, which is where the matter is currently pending as Case No. 1:09-cv-235 JAW.

Complaint should be disregarded and the action either dismissed, or, in the alternative transferred to the timely filed action presently pending before the Federal District Court for the state of Maine.

## ARGUMENT

The Ninth Circuit has recognized the "first to file" rule which provides that "when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars Sinai Medical Center v. Shalala*, 125 F.3d 765, 768-69 (9th Cir. 1997). *See also Alltrade, Inc. v. Uniweld Products,* 946 F.2d 622, 625, 628-29 (9th Cir.1991).

The two prerequisites to the application of the "first to file rule" are present in these proceedings. There are presently actions in two different federal district courts, one filed here in Idaho and another filed, initially, in the superior court of Maine, but now in the federal district court. (*Compare* Idaho action Complaint v. Maine action Complaint.) Both actions involve the same parties as the parties to both are Marketing Unlimited LLC and SRE-CheapTrips, Inc. Finally, a cursory review of the allegations of each demonstrates that the allegations raise the same issues.

The only question that is presented by the instant matter is which case is in fact the first filed. While it is certainly the Plaintiff's argument that its filing occurred prior to the filing made by the Defendant in Maine, it must be recognized that Plaintiff's filing occurred prior to the expiration of the standstill agreement of the parties (7:58 a.m. EST v. 8:05 a.m. EST). Plaintiff should not be permitted to violate the agreement of the parties and then take advantage of the first to file rule by virtue of its breach of the parties' agreement. As such, the Defendants' request that this Court disregard the earlier filing by Plaintiff, find that Defendant's filing was properly filed in accordance with the parties' agreement and either dismiss the instant matter or transfer the same to be joined to the action pending before the Federal District Court for the State of Maine.

## CONCLUSION

For the reasons stated, Defendants request that this Court grant Defendants' Motion to Dismiss, or in the alternative, Transfer.

Dated this 6th day of July, 2009.

                                                  TROUT ♦ JONES ♦ GLEDHILL ♦ FUHRMAN, P.A.

                                         By:   */s/ Daniel Loras Glyn*
                                                     Daniel Loras Glynn

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of July, 2009, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF System which sent a Notice of Electronic Filing to the following persons:

Michael J. Kraynick
Attorney at Law
PO Box 157
Hailey, ID  83333

                                                   */s/ Daniel Loras Glynn*
                                                 Daniel Loras Glynn