Michael J. Kraynick, P.L.L.C.
Attorney at Law. ISB #3003
P.O. Box 157
113 E. Bullion Street
Hailey, ID 83333
208-788-4668
Fax-788-4143
Email: mkraynick@cox.net

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SRE-CHEAPTRIPS, INC. | Case No. 09-cv-00215 |
| Plaintiff, | |
| vs. | MEMORANDUM OPPOSING DEFENDANT'S MOTION TO DISMISS FILED JUNE 1, 2009 & CROSS MOTION FOR RESTRAINTS UNDER FIRST FILED RULE |
| STEPHEN J. SYLVAIN, an individual, and MARKETING UNLIMITED, LLC, | |
| Defendants. | |

## OBJECTION AND CROSS-MOTION

COMES NOW Plaintiff, SRE-Cheaptrips, Inc. (hereinafter simply "Cheaptrips") by and through its counsel of record Michael J. Kraynick, and submits this Objection and Memorandum Opposing Defendant's Motion to Dismiss filed on or about June 1, 2009, and by way of cross-motion for injunctive relief under the first-to-file rule, seeks an order restraining defendants from prosecuting parallel proceedings subsequently initiated in the United States District Court for the District of Maine, Bangor Division under Case No. 1:09-cv-235-JAW.

## INTRODUCTION

1. This is the first-filed action in parallel proceedings underway in the federal courts of Idaho and Maine. The action was filed on May 8, 2009. Defendant Marketing Unlimited, L.L.C. (hereinafter simply "MU") was served on or about May 11, 2009 and filed a motion to dismiss under Fed.R.C.P.12(b)(1) on or about June 1, 2009.

2. Initially MU's motion was filed without a supporting memorandum. The memorandum filed on July 6, 2009 argues for dismissal under Rule 12(b)(8) or transfer.

3. MU's moving papers acknowledge the applicability of the "first to file rule" to these proceedings and effectively concede personal jurisdiction and venue in Idaho. Fed.R.Civ.P. 12(h)(1); 28 U.S.C. §1391(a) and (c); *Memorandum in Support of Motion to Dismiss or In The Alternative Transfer, p.3.*

4. MU filed its Maine action in State Court on May 8, 2009.

5. Cheaptrips filed for removal of the Maine State Court action on or about June 5, 2009 on diversity grounds and moved for dismissal, consolidation, or transfer on June 23, 2009 under the first-to-file rule and on other grounds including defective process, defective service of process, and *forum non conveniens*.

6. In addition to moving for dismissal in Idaho, MU has cross-moved in Maine for injunctive relief restraining plaintiff from further participation in these proceedings. No hearing date(s) have been set.

## I.

## DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED BECAUSE IT WAS NOT TIMELY SUPPORTED BY A MEMORANDUM IN VIOLATION OF LOCAL RULE 7.

MU filed its motion to dismiss on June 1, 2009 without a supporting memorandum in violation of local Rule 7. After making several unheeded requests to opposing counsel as to when their memorandum might be filed, Cheaptrips filed an Affidavit of counsel opposing the unsupported motion on June 22, 2009 without having an opportunity to address the additional arguments eventually raised in MU's memorandum filed on July 6, 2009. *Compare, Affidavit of Michael Kraynick in Opposition to Motion to Dismiss filed June 22, 2009 ("Kraynick Affidavit") with Memorandum in Support of Motion to Dismiss, or in the Alternative, Transfer filed July 7, 2009 (" Memo to Dismiss")*. MU's *Memo to Dismiss* comes more than twenty one days late and should be stricken and not be considered. The unsupported motion to dismiss should be denied. *Local Rule 7*.

## II.

## THE ALLEGED FILING TWO MINUTES EARLY, IF TRUE, IS AN INADVERTENT AND HARMLESS MISTAKE THAT SHOULD NOT BE CONSIDERED GROUNDS FOR DISMISSAL OR DISREGARD OF THE FIRST-TO-FILE RULE.

MU's initial affidavit evidence contended that Cheaptrips filed its Complaint in Idaho 54 minutes before the 8:00 a.m. deadline in a standstill agreement previously

entered into by the parties. *Affidavit of Counsel in Support of Motion to Dismiss*, p.4. Cheaptrips responded to this affidavit with evidence pointing out that calculations in the MU affidavit were based on "EST" or Eastern Standard time rather than daylight savings time- the time in effect when the Complaint was filed. Moving the clock ahead one hour to account for Daylight Savings Time (then in effect in Maine and Idaho) and adding that hour to MU's affidavit, Cheaptrips Complaint was filed at 8:06 a.m. –shortly after the standstill agreement expired.

*Contra* its own earlier filed affidavit the crux of MU'S shifting argument for dismissal now appears to be that the Complaint was filed two minutes early as related in a footnote to its memorandum. *Memo to Dismiss*, p.1. The footnote is objectionable hearsay and the argument for dismissal based on an alleged discrepancy of two minutes is not supported by any facts in evidence.

MU filed its complaint in Main state court, leaving no doubt that Cheaptrips would be entitled to priority under the first to file rule even if the clock were hypothetically reset to eliminate the alleged two minute discrepancy. *North American Communications, Inc. v. Homeowners Loan Corp.*, 2007 WL 184776 (W.D.Pa. Jan. 22, 2007) (complaint filed in state court not entitled to first filed status).

Assuming without conceding that the Idaho complaint was filed two minutes early according to a timepiece in the court clerk's office (and assuming the accuracy of that timepiece), this inadvertent and harmless mistake hardly amounts to compelling circumstances and should not be considered grounds for dismissal or disregard of the first-to-file rule. . *Northwest Airlines, Inc. v. American Airlines, Inc.* 989 F.2d 1002, 1006 (8th Cir. 1993).

### III.

## UNDER THE FIRST-TO-FILE RULE THIS COURT SHOULD ENJOIN DEFENDANT FROM PROSECUTING SUBSEQUENT PROCEEDINGS BEFORE THE FEDERAL COURT IN THE STATE OF MAINE.

When parallel litigation has been instituted in separate courts, the first to file rule gives priority, for purpose of choosing among possible venues, to the party who first establishes jurisdiction. *Id; Compare, Cianbro Corp. v. Curran-Lavoie, Inc.* 814 F.2d 7, 11 (1st Cir. 1987). The rule should not be disregarded lightly. *Church of Scientology v. U.S. Dep't. of the Army*, 611 F.2d 738, 750 (9th Cir. 1979). The prevailing standard is that "in the absence of compelling circumstances" the first-filed rule should apply. *Northwest, supra* at 1005.

Under the first filed rule, "[I]n all cases of federal competent jurisdiction, the court which first has possession of the subject must decide it." *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 970 (3rd Cir. 1988). The rule gives the first filed court "…[T]he power to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another court." *Id.* at 971. In this case it is clear that the Idaho complaint was first filed and jurisdiction was first established here. This court should apply the rule to enjoin Defendant(s) from proceeding with the subsequent, duplicative litigation in Maine.

### CONCLUSION

Based on the foregoing reasons and authorities, this court should deny Defendants' motion to dismiss and grant Plaintiff's cross-motion for injunctive relief restraining MU from prosecuting the subsequent case in Maine federal court.

RESPECTFULLY SUBMITTED and DATED this 27th day of July, 2009.

                Michael J. Kraynick, PLLC

                By: Michael J. Kraynick
                    Attorney for Plaintiff

## Certificate of Service

I hereby certify that on July 27, 2009 I filed the foregoing

Memorandum Opposing Defendant's Motion to Dismiss and Cross-Motion for Injunctive

Relief

Electronically through the CM/ECF system which caused the following parties or counsel

to be served by electronic means, as more fully appears in the Notice of Electronic Filing:

dglynn@idalaw.com
Daniel Loras Glynn
Trout Jones Gedhill Fuhrman, P.A.
P.O. Box 1097
Boise, Idaho 83701
Fax: 208-331-1529

By: Michael J. Kraynick
Attorney for Plaintiff