IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SRE-CHEAPTRIPS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. CV09-215-S-EJL |
| vs. ) | |
| ) | **ORDER** |
| STEPHEN J. SYLVAIN, an individual, ) | |
| and MARKETING UNLIMITED, LLC ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Pending before this Court in the above titled matter is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), or in the alternative for an order transferring venue to the United States District Court for the District of Maine. Plaintiff has filed a cross-motion to enjoin the Defendants' action in Maine and a motion for sanctions. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, these motions shall be decided on the record before this Court without oral argument. Local Rule 7.1(b).

**FACTUAL AND PROCEDURAL BACKGROUND**

This case involves a contractual dispute between SRE-Cheaptrips, Inc. ("Cheaptrips"), a discount travel website company incorporated in Delaware with its principal place of business in Ketchum, Idaho, and Marketing Unlimited, LLC ("Marketing"), a Maine limited liability company that is in the business of providing telemarketing services, and Stephen J. Sylvain, a

citizen of Maine and the sole owner of Marketing. The parties entered into a written agreement for outbound telemarketing services on April 27, 2004, which is now the subject of the current lawsuit. Before the Court is Marketing and Sylvain's motion to dismiss pursuant to the first filed rule, or in the alternative, to transfer the action to the federal district court of Maine pursuant to 28 U.S.C. § 1404, and Plaintiff's cross-motion and motion for sanctions.

There are two lawsuits currently pending involving the parties: one in the federal district of Maine, and the present action in the federal district of Idaho. After a cursory review of the parties' Maine litigation, the Court notes and is in agreement with Maine's Magistrate Judge Kravchuk, that the parties have not made it easy for either district court on a procedural level. Pending before both courts are the parties' respective motions to dismiss, or alternatively to transfer venue. Neither party seemed inclined to adhere to the local rules of either district, both failing to timely file memoranda of law in support of their motions. Nonetheless, the Court is inclined to decide the issue on the merits in the interest of judicial efficiency.

### A. District of Idaho Action

On May 8, 2009, Cheaptrips filed the instant action against defendants Marketing and Sylvain (jointly "Marketing") alleging breach of contract, fraudulent billing, and unjust enrichment. Marketing moved to dismiss on June 1, 2009 pursuant to Federal Rules of Civil Procedure 12(b)(1). Marketing argues that Cheaptrips' filing of this lawsuit in Idaho was in violation of the parties' standstill agreement. The standstill agreement provided that the parties would forgo pursuing litigation until 8:00 a.m. Eastern Standard Time ("EST") on Friday, May 8, 2009. Thus, Marketing argues that under the first to file rule it was the party who first filed its complaint rather than Cheaptrips.

Cheaptrips filed its complaint with this district at 5:58 a.m. Mountain Standard Time ("MST"). Cheaptrips argues in its response that its filing two minutes early is an inadvertent and harmless mistake that should not be grounds for dismissal or disregard to the first to file rule. Cheaptrips further argues that the case should not be dismissed for lack of subject matter jurisdiction because Marketing has failed to point to any factual or legal defect to this Court's jurisdiction.

### B. District of Maine Action

On May 8, 2009, Marketing filed its own lawsuit in state court in Maine against Cheaptrips. Cheaptrips removed the case to the federal district court on June 8, 2009 and this parallel lawsuit is now currently pending in the United States District Court in Maine.[1]

On June 23, 2009 Cheaptrips moved to dismiss the Maine lawsuit, or alternatively for a change of venue and consolidation of the Maine action with the instant action here in Idaho. Marketing responded on July 14, 2009 asking the District Court in Maine to enjoin Cheaptrips from continuing with its Idaho lawsuit. A recommended decision was issued by Maine's Magistrate Judge Kravchuk on August 21, 2009. Judge Kravchuk recommended that the District Court for the District of Maine defer ruling on Marketing's motion to dismiss until this district ruled on the parallel motion. Judge Kravchuk based her recommended decision on her finding that Idaho was the first federally established jurisdiction.

## DISCUSSION

### I. First-to-File Rule

The first-to-file rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." <u>Pacesetter Sys., Inc. v. Medtronic, Inc.</u>, 678

---

[1] Marketing Unlimited, LLC v. SRE Cheaptrips, Inc., 09-235-B-W (D. Maine).

F.2d 93, 94-5 (9th Cir. 1982). This rule "serves the purpose of promoting efficiency well and should not be disregarded lightly." Church of Scientology of Cal. v. United States Dep't of Army, 611 F.2d 738, 750 (9th Cir. 1979).

When cases involving the same parties and issues have been filed in two different districts, priority is given to the party who first establishes jurisdiction for purposes of choosing among possible venues in parallel proceedings. Bashiri v. Sadler, 2008 WL 2561910, at *1 (D. Ariz. June 25, 2008) (citing Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1006 (8th Cir. 1993)). The rule thus leaves the second district court with discretion to transfer, stay, or dismiss the parallel action case in the interest of efficiency and judicial economy. Cedars-Sinai Medical Center v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997).

Before the first-to-file rule may be invoked however, three prerequisites must first be met: (1) chronology of the two actions (2) similarity of the parties, and (3) similarity of the issues. Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 625 (9th Cir. 1991). If the first-to-file rule is applicable, "the court in which the second suit was filed may transfer, stay or dismiss the proceeding in order to allow the court in which the first suit was filed to decide whether to try the case." Id. at 625. Thus, it is generally the first filed court that determines which case should go forward and further determines whether "special circumstances dictate that the first action be dismissed in favor of a later-filed action." Donaldson, Lufkin & Jenrette, Inc. v. Los Angeles County, 542 F. Supp. 1317, 1320 (S.D.N.Y. 1982); Daimler-Chrysler Corp. v. General Motors Corp. 133 F. Supp. 2d 1041, 1042 (N.D. Ohio 2001) (noting a body of case law directing the court with the first obtained jurisdiction to determine whether it should retain the case or let it proceed in the court of second filing).

Although a district court, in its discretion, may depart from the first-filed rule for equitable reasons, it should do so only "when the filing of the first suit evidences bad faith, anticipatory suit, or forum shopping." Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d. 1093, 1097 (N.D. Cal. 2006) (quoting Alltrade, 946 F.2d at 628).

### A. Chronology

The threshold inquiry in this case concerns the first element of chronology. In this case, Marketing does not dispute that Cheaptrips in fact "technically" won the race to the courthouse. Rather, Marketing argues that Cheaptrips should not be permitted to get the benefit of being the first to file under the first-filed rule because its filing was some two minutes premature in breach of the parties' standstill agreement. Marketing asserts that the parties entered into a standstill agreement whereby the parties agreed to forgo filing suit before May 8, 2009 at 8:00 a.m. EST. According to the records reflected in PACER, Cheaptrips filed the instant action at a recorded time of 5:58 a.m. MST, on May 8, 2009.[2] Meanwhile, at 8:05 a.m. Eastern Daylight Time, Marketing filed its own action in state court in Maine.

The Court has been unable to find a case that answers the precise question presented here, namely, which time controls for purposes of the first-filed rule. While it appears that the plaintiff did in fact jump the gun when it filed its lawsuit in violation of the parties' standstill agreement, the Court agrees with plaintiff, in that the two minute violation is harmless. Moreover, the Maine action was originally filed in state court. The first-to-file rule is a comity rule that

---

[2] Marketing initially asserts that Cheaptrips filed its complaint with this court at 7:06 a.m. EST, it retracts this assertion noting that this time related to the time the complaint was faxed and alleges that the actual filing time was at 5:58 a.m. MST. (Def. Memorandum, p. 1, n.1) Although the parties make a point that there are differences between Eastern Standard Time, Eastern Daylight Time and Mountain Standard Time, and the presence of the standstill agreement, the fact of the matter remains, that the case in this district was the first case filed in a federal district court, albeit it may have been done by breach of an agreement.

resolves conflicts of jurisdiction "where parallel actions are filed in different *federal* district courts." Saes Getters, S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1089 (S.D. Cal. 2002) (emphasis added). Thus, whether or not the standstill agreement was violated by a mere two minutes, does not influence the court's decision on who won the race to the courthouse. For purposes of the first to file rule, the court simply looks at who, in fact, filed first in federal court- in its most basic, literal meaning. See e.g. Best Western Int'l, Inc. v. Patel, 2008 WL 608382, at *4 n.2 (D. Ariz. Mar. 3, 2008) (stating that the first to file rule means the first to be filed, not the first to be served) (citing Collegenet, Inc. v. Applyyourself, Inc., 2002 WL 33962845, at *3 (D.Or. 2002)); Intuitive Surgical, Inc. v. Cal. Institute of Tech., 2007 WL 115787, at *3, (N.D. Cal. 2007) (holding that the first to file rule is applicable and requires deference to the first filed court "notwithstanding the near simultaneous nature of the [two] filings"). The Court is satisfied that jurisdiction was first established in Idaho based on the chronology of the two filings and that priority should therefore be given to Idaho as the preferred venue.

      **B. Same Parties**

The second element of the first-filed rule is the identity of the parties involved. The parties in the Maine action are almost identical to the parties in this action, although the capacity in which they are litigants is reversed, and there is the addition of Sylvain, the owner of Marketing, as a second defendant in the Idaho action. See Best Western Int'l, Inc. v. Patel, 2008 WL 608382, at *4 (D. Ariz. Mar. 3, 2008) (holding parties are identical but in reversed capacity as litigants). Marketing however does not dispute that both actions involve the same parties, namely, both parties include Marketing Unlimited, LLC and SRE-Cheaptrips, Inc. Thus, the Court finds the second prong is met.

      **C. Same Issues**

The third element concerns the similarities of the two issues involved in the cases. Marketing concedes in its memorandum that its own cursory review of the allegations demonstrates that the allegations raise the same issue. Nonetheless, the cases do not need to be identical in order to be duplicative. Id. at *5 (citations omitted). See also Bashiri v. Sadler, 2008 WL 2561910, at *2 (D. Ariz. June 25, 2008) (holding exact parallelism not required; substantial similarity is sufficient). Nor does the form of relief determine whether two issues are dissimilar for purposes of the first filed rule. Id. at *6. Because this prong is not disputed, and all other elements have been met, the Court finds that the first to file rule is applicable here, making Idaho the preferred venue. Further, the Court does not find any applicable exceptions to the rule such as bad faith, anticipatory suit, or forum shopping.

The Plaintiff's cross motion to enjoin the Defendants' from prosecuting its action in Maine (Docket No. 12, p. 5) is denied. This Court will leave it to the Maine Court to decide whether to transfer, stay, or dismiss the parallel action. Cedars-Sinai Med. Center, 125 F.3d at 769. The Court also denies Marketing's motion to dismiss under 12(b)(1) because they have failed to identify any reason why subject matter jurisdiction over the instant case would be improper under the Federal Rules of Civil Procedure.

### II. Alternative Motion to Transfer Venue

Marketing has alternatively sought transfer of venue to the federal district of Maine under 28 U.S.C. § 1404. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action "for the convenience of the parties and witnesses [and] in the interest of justice . . . to any district or division where it may have been brought." 28 U.S.C. §1404(a) (2006); Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1098 (N.D. Cal. 2006). A district court has broad

discretion in determining whether a case may be transferred. Id. Furthermore, the burden rests on the moving party to show that transfer is appropriate. Id.

A two-step analysis is used to determine whether a transfer is proper in a given case. Id. The threshold question "requires the court to determine whether the case could have been brought in the forum to which the transfer is sought." Id. Thus, if venue would be proper in the transferee court, then the court must make an "individualized, case-by-case consideration of convenience and fairness" of the parties and witnesses. Id. Among the factors that a district court may consider in determining whether transfer is appropriate include: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof and (9) any relevant public policy of the forum state." Id. (citing Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000)). Because there is a presumption in favor of the plaintiff's choice of forum, the defendants must make a strong showing of inconvenience to warrant transferring venue. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

However, in a choice of venue decision, where a case involves the first-to-file rule, as here, the general rule is that the first filed action is the preferred venue. See Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987) (holding that "the first filed action is generally preferred in a choice of venue decision"). Idaho is the venue in which the first complaint was filed in this case; a fact that even Maine Magistrate Judge Kravchuk has recognized.

One exception to this preference however, may occur when "the balance of [ ]convenience weighs in favor of the later filed action," Intuitive Surgical, Inc. v. Cal. Inst. of Tech., 2007 WL 1150787, at *2 (N.D. Cal. April 18, 2007) (quoting Ward v. Follett Corp., 158 F.R.D. 645, 648 (N.D. Cal. 1994)).  This is an inquiry analogous to an analysis of the convenience of the parties and witnesses under a transfer of venue motion. Id. (citations omitted).

Marketing, however, has failed to discuss any effect that a change in venue might have on the parties and witnesses.[3]  Instead, its only attempt to persuade this Court that it should transfer venue, rests on its argument that it was the party who first filed suit rather than Cheaptrips because of the standstill agreement.  In sum, Marketing has failed to show that a change of venue is in the interest of justice or would be convenient to the parties and witnesses.  Furthermore, this Court finds Idaho to be a proper venue and that no need to transfer venue, under the above factors, is present.

## CONCLUSION

Based on the foregoing, and being fully advised in the premises, the Court HEREBY ORDERS that the Defendants' Motion to Dismiss, or Alternatively to Transfer Venue (Docket No. 5) is **DENIED**.  IT IS FURTHER ORDERED that Plaintiff's Cross-Motion (Docket No. 12) and Motion for Sanctions (Docket No. 16) are **DENIED**.

DATED:  **March 16, 2010**

Honorable Edward J. Lodge
U. S. District Judge

---

[3] The Court notes that the parties did not argue convenience in their briefings or supporting memoranda. It appears however, that both parties addressed the convenience issue in the parallel Maine proceeding.